UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| BRUCE PARKER, # 593090, a/k/a BRUCE-X PARKER, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-1302 |
| v. | ) ) ) | Honorable Gordon J. Quist |
| MITCHELL GAINER, et al., | ) ) | |
| Defendants. | ) ) ) | |

**<u>REPORT AND RECOMMENDATION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Chippewa Correctional Facility. His complaint arises out of conditions of his confinement from July 13 through October 1, 2016, at the Oaks Correctional Facility. Plaintiff named four employees of the Michigan Department of Corrections as defendants: Warden Thomas Mackie, and Corrections Officers Mitchell Gainer, Arnold Mattis, and Patrick Roy.

Plaintiff alleges that:

- On July 13, 2016, Officer Gainer violated his Eighth and First Amendment rights when he operated electronic controls that caused plaintiff to suffer injuries when he became "caught" in a closing cell door. (ECF No. 1, PageID.5-6, 8-9).

- On October 1, 2016, Officer Roy violated his Eighth and First Amendment rights by operating the electronic controls that caused a cell door to hit plaintiff's elbow. (*Id.*, PageID.6-9).

- Warden Mackie violated his Eighth Amendment rights by deliberate indifference to the risk that plaintiff would be injured by closing cell doors on July 13 and October 1, 2016. (*Id.*, PageID.8-9).

- On July 23, 2016, Officers Mattis and Gainer violated his First Amendment rights by conducting a retaliatory search of plaintiff's cell and Officer Gainer violated his First Amendment right of access to courts by destroying legal materials. (*Id.,* PageID.6, 8-10).

- On July 23, 2016, defendant Mattis wrote a false misconduct charge against plaintiff for destruction of state property in violation of his First and Fourteenth Amendment rights. (*Id.*).

- On October 1, 2016, defendant Roy wrote a false misconduct charge against plaintiff for insolence in violation of his First and Fourteenth Amendment rights. (*Id.* at 7, 10, PageID.7, 8-10).

Plaintiff sues defendants in their official and individual capacities and seeks injunctive relief and an award of damages. (*Id.*, PageID.3-4, 10).

The matter is before the Court on cross-motions for summary judgment. Defendants' motion is a motion for partial summary judgment on all plaintiff's claims against Warden Mackie and Officer Roy based on the affirmative defense of plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 32). Plaintiff seeks summary judgment on the merits. (ECF No. 45). For the reasons set forth herein, I recommend that all plaintiff's claims for injunctive relief be dismissed as moot. I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that plaintiff's due process claims based on the two misconduct charges be dismissed for failure to state

a claim upon which relief can be granted.[1] I recommend that plaintiff's motion for summary judgment (ECF No. 45) be denied. I recommend that defendants' motion for partial summary judgment (ECF No. 32) be granted and that all plaintiff's claims for damages against Warden Mackie and Officer Roy in their individual capacities be dismissed without prejudice.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

---

[1] The recommendations for dismissal are made pursuant to statutory authority. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where

the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the

prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the

---

[2] A copy of the policy directive is found in the record. *See* ECF No. 33-2, PageID.159-65.

regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Preliminary Matters**

Plaintiff's complaint is not properly verified. (ECF No.1, PageID.10). Plaintiff has interjected the limitations that the allegations are made on information and belief. (*Id.*). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Thus, plaintiff's complaint cannot be considered as his affidavit in opposition to defendants' motion or in support of his own motion.

The declaration that plaintiff filed on March 31, 2017, (ECF No. 42) will not be considered because it suffers from the same defect of being based on information and belief. Plaintiff was expressly advised of the statutory requirements of 28 U.S.C. § 1746 (*see* ECF No. 35, PageID.191-92), and plaintiff knows how to file a declaration under penalty of perjury without including improper limitations (*see* ECF No. 46, PageID.228).

"Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656, 662 (6th Cir. 2009). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is in the custody of the Michigan Department of Corrections on criminal convictions. He is currently an inmate at the Chippewa Correctional Facility. (ECF No. 56). Defendants were MDOC employees at the Oaks Correctional Facility during the period at issue.

1. <u>July 13, 2016</u>

On July 13, 2016, Officers Gainer and Austin found plaintiff loitering on "A-Lower," by the water fountain, which was at the opposite end of the hallway from his cell. Plaintiff was on loss of privilege (LOP) sanction from July 11, 2016, through August 10, 2016. (Gainer Aff. ¶¶ 3-4, ECF No. 49-2, PageID.258). Plaintiff was reminded that he was on LOP and could not be outside of his cell without staff permission. Plaintiff became argumentative, but eventually returned to his cell. Corrections officers Gainer and Austin remained at the Unit Base. Officer Gainer did not close the cell door on plaintiff. (*Id.* at ¶¶ 5-7, PageID.258-59).

Plaintiff states that, on July 13, 2016, he was "assaulted" by Officer Gainer "who closed the cell door on [his] left knee and ankle which forced [plaintiff] to suffer non-stop excruciating pain." (Plaintiff's Declaration ¶ 10, ECF No. 46, PageID.227). A week later, plaintiff sought medical care. He received pain medication and a temporary bottom bunk detail. (ECF No. 1-1, PageID.15; Plaintiff's Declaration ¶ 11, ECF No. 46, PageID.277).

On July 22, 2016, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF-2016-07-2113-17A. In this grievance, plaintiff claimed that on July 13, 2016, Officer Gainer manually slammed the cell

door on plaintiff's left leg and foot.  (ECF No. 33-3, PageID.183).  Plaintiff's grievance was denied at Step I.  (*Id.* at PageID.184).  Plaintiff pursued unsuccessful appeals to Steps II and III.  (*Id.* at PageID.180-82).

### 2. July 23, 2016

On July 23, 2016, Officer Mattis conducted a random shakedown (search) of plaintiff's cell.  He found paperwork that did not belong to plaintiff, which was a violation of P.D. 05.13.116.  Officer Gainer assisted Officer Mattis in completing the search and additional paperwork that did not belong to plaintiff was located.  Officers Mattis and Gainer did not destroy any paperwork or personal property that belonged to plaintiff.  (Gainer Aff. ¶¶ 9-11, ECF No. 49-2, PageID.259; Mattis Aff. ¶¶ 3-4, ECF No. 49-3, PageID.262).  A Notice of Intent to conduct an Administrative hearing was issued regarding 53 pages of legal materials belonging to other prisoners found in plaintiff's cell.  (ECF No. 47-1, PageID.242).

Plaintiff states that, during this search, legal materials were destroyed, "including an affidavit from [his] deceased brother Maurice Parker . . . which supported his actual innocence on a state court proceeding." (Plaintiff's Declaration ¶ 12, ECF No. 46, PageID.227).  On July 23, 2016, Officer Mattis issued a Class II misconduct charge[3] of destruction/misuse of state property.  (ECF No. 1-1, PageID.13).  On August 1, 2016, plaintiff received a hearing on this charge and was

---

[3] "Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a 'major' misconduct and Class II and III misconducts are 'minor' misconducts."  *Collins v. Del-Tour*, No. 1:16-cv-116, 2018 WL 671394, at *3 n.2 (W.D. Mich. Jan. 4, 2018).

found not guilty because his cellmate, prisoner Smart, admitted that the torn bed sheet was his. (*Id.* at PageID.14; Plaintiff's Declaration ¶ 13-14, ECF No. 46, PageID.277).

On August 1, 2016, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF-2016-08-2232-19C. (ECF No. 33-3, PageID.173). In this grievance, plaintiff complained that during the cell search on July 23, 2016, Officers Gainer and Mattis destroyed headphones and legal materials, allegedly because plaintiff filed a grievance against Officer Gainer. (*Id.*). Plaintiff's grievance was denied at Step I. (*Id.* at PageID.174). Plaintiff pursued unsuccessful appeals to Steps II and III.[4] (*Id.* at PageID.170-72).

3. October 1, 2016

On October 1, 2016, Officer Roy charged plaintiff with the Class II misconduct of insolence. (ECF No. 1-1, PageID.16). The charge was dismissed "due to clerical error." Officer Roy had not been at work on the date and time indicated on the face of the misconduct charge. (*Id.* at PageID.17).

## Discussion

**I.  Mootness**

Plaintiff is an inmate at the Chippewa Correctional Facility. Defendants are or were employed at ECF. Defendants no longer have any authority over the

---

[4] Plaintiff did not pursue any other grievance related to the claims at issue in this lawsuit through a Step III decision before he filed his complaint. (ECF No. 33-3, PageID.167-89).

conditions of plaintiff's confinement.  Accordingly, plaintiff's claims for injunctive relief against defendants are moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## II.     Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).  Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.  Defendants are entitled to dismissal with prejudice of plaintiff's claims under section 1983 for monetary damages against them in their official capacities.

## III.    Due Process

Plaintiff' claims that being charged with "false" misconducts violated his rights under the Fourteenth Amendment's Due Process Clause.  (Compl. at 9, ECF No. 1, PageID.9; *see* Plaintiff's Brief at 7, ECF No. 47, PageID.236).  Plaintiff received

hearings on both misconduct charges and he did not suffer any disciplinary sanctions. One charge against plaintiff was dismissed because his cellmate admitted that he was responsible for the destruction of prison property and the other was dismissed based on a clerical error.  (ECF No. 1-1, PageID.14, 16).

Plaintiff fails to allege a viable Due Process claim against any defendant stemming from the misconduct charges.  *See Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2014) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing."); *see also Jackson v. Michigan Dep't of Corr.*, No. 1:17-cv-198, 2017 WL 1531873, at *3-5 (W.D. Mich. Apr. 28, 2014) (A prisoner who prevails by using the available process and having a misconduct charge dismissed fails to state a claim for violation of his procedural or substantive due process rights.).

## IV.     Exhaustion

Defendants seek dismissal of all plaintiff's claims against Warden Mackie and Officer Roy on the ground that plaintiff did not properly exhaust any claim against those individuals before he filed this lawsuit.  (Defendants' Brief at 6, ECF No. 33, PageID.153).    Exhaustion is mandatory.   *Woodford*, 548 U.S. at 85.   "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.

Plaintiff filed this lawsuit on November 7, 2016.  (ECF No. 1).  His pursuit of grievances and grievance appeals after he filed this lawsuit (ECF No. 25-1, PageID.120-23; ECF No. 41-1, PageID.209-10; ECF No. 44-1, PageID.221) do not

suffice.[5]  *See Woodford*, 548 U.S. at 88; *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff's argument that he exhausted all his available remedies against Warden Mackie because he attempted to file a grievance that was rejected (Plaintiff's Brief at 2, ECF No. 41; PageID.205) is not persuasive.  The grievance that plaintiff attempted to file concerned other inmates (ECF No. 41-1, PageID.211-12), not the claims that plaintiff has alleged in this lawsuit against Warden Mackie.[6]

I recommend that defendants' motion for partial summary judgment be granted and that all plaintiff's claims for damages against Warden Mackie and Officer Ray in their individual capacities be dismissed without prejudice.

### V.     Plaintiff's Motion for Summary Judgment

#### A.     Eighth Amendment

Plaintiff claims that, on July 13, 2016, Officer Gainer defendant used excessive force against him in violation of his Eighth Amendment rights.  Plaintiff has stated, under penalty of perjury, that he had an argument with Officer Gainer and that immediately thereafter, defendant deliberately closed the cell door on him. Defendant responds that plaintiff's version of events is a fabrication and that he never

---

[5] Warden Maackie's Step II response to Grievance No. ECF-2016-10-2941-27A is dated November 7, 2016, the day that plaintiff filed this lawsuit.  (ECF No 44-1, PageID.221).  Plaintiff could not and did not pursue this grievance through a Step III decision (ECF No. 25-1, PageID.120) before filing his complaint.

[6] Plaintiff is proceeding *pro se* and is limited to representing himself on his own claims.  *See* 28 U.S.C. § 1654*; see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases).

closed the cell door on plaintiff. Plaintiff has alleged and provided evidence supporting an Eighth Amendment claim. *See Rios v. Veale*, 648 F. App'x 369, 371 (4th Cir. 2016); *Turner v. Tackett*, No. 1:16-cv-7, 2017 WL 1047372, at *5-6 (W.D. Mich. Feb. 27, 2017). But he has not presented evidence approaching his "substantially higher burden" as the party with the burden of proof. Plaintiff's evidence is not "so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

    B.    <u>First Amendment</u>

        1.    Access to Courts

Plaintiff argues that he is entitled to summary judgment on his claims that Officers Gainer and Mattis violated his First Amendment right of access to courts because a destroyed affidavit from a now deceased individual would have "proved his actual innocence on the current judgment of sentence for Armed Robbery." (Plaintiff's Brief at 5, ECF No. 47, PageID.234).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right of access to the courts "extends to direct appeals [in criminal cases], habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (*en banc*).

In addition, the right of access to the courts only extends to non-frivolous

actions. In other words, the underlying action allegedly impaired by defendant must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353. Because the underlying action will not be tried independently, there is a "need for care on the part of the plaintiff in identifying, and by the court in determining, the claim for relief underlying the access-to-courts plea." *Christoner v. Harbury*, 536 U.S. 403, 416 (2002). Plaintiff's vague assertions regarding an affidavit of unknown content that he now believes would somehow prove his actual innocence on his armed robbery conviction does not approach satisfying plaintiff's burden for obtaining summary judgment against defendants.

2.  Retaliation

Plaintiff seeks summary judgment on his First Amendment retaliation claims against Officer Gainer for closing the cell door on his left leg and foot, and for conducting a search of his cell. Plaintiff also seeks summary judgment on his claims against Officer Mattis for conducting a cell search and for filing a false misconduct charge. (Plaintiff's Brief at 4-6, ECF No. 47, PageID.233-35). The elements of a First Amendment retaliation claim are: (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d at 394. Plaintiff has presented nothing approaching evidence so powerful that no reasonable jury would be free to disbelieve it on any of the elements, much less all the elements,

of his retaliation claims against defendants. *See Arnett*, 281 F.3d at 561.

## Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims for injunctive relief be dismissed as moot. I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that plaintiff's due process claims based on the two misconduct charges be dismissed for failure to state a claim upon which relief can be granted. I recommend that plaintiff's motion for summary judgment (ECF No. 45) be denied. I recommend that defendants' motion for partial summary judgment (ECF No. 32) be granted and that all plaintiff's claims for damages against Warden Mackie and Officer Roy in their individual capacities be dismissed without prejudice.

Dated:  February 16, 2018               /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).