UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.                                                   Case No. 1:16-CV-1302

MITCHELL GAINER, et al.,              HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION

Plaintiff, Bruce Parker, filed a civil rights action against Defendants under 42 U.S.C. § 1983. Defendants Roy and Mackie, employees of the Michigan Department of Corrections, filed a motion for summary judgment on the basis of Parker's alleged failure to exhaust administrative remedies. (ECF No. 32.) Parker also filed a motion for summary judgment. (ECF No. 45.) Magistrate Judge Phillip Green issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion and deny Parker's motion. (ECF No. 57.) The R & R also recommended dismissing some of Parker's other claims as follows:

- Dismissing his request for injunctive relief as moot.

- Dismissing claims against Defendants in their official capacities as barred by the Eleventh Amendment.

- Dismissing Parker's due process claims based on the two misconduct charges because Parker failed to state a claim upon which relief can be granted.

Parker filed Objections to the R & R. (ECF No. 62.) Parker's three objections address only his failure to exhaust his claims.

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Parker's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part.

If a party fails to identify and object to specific portions of the R & R, then any possible objections to those portions are deemed waived. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "making some objections but failing to raise others will not preserve all the objections a party may have"). Because Parker objects only to the failure to exhaust issue, all other possible objections are waived, and the Court will adopt the R & R as to the claims without objections.

Parker's first objection is that the R & R erred in concluding that he failed to exhaust his claims based on a false misconduct ticket written by Defendant Roy. At the misconduct hearing, Parker raised the fact that Roy was not at work at the time Roy alleged Parker violated the rules. As a result, Parker was found not guilty. Parker subsequently filed a grievance against Roy because Roy filed the false misconduct against him. Hearing dispositions of misconduct cannot be grieved. In the MDOC's view, Parker's grievance against Roy was a grievance based on the hearing disposition of misconduct. The MDOC accordingly rejected his grievance. (ECF No. 1-1 at PageID.17.) The R & R found that Parker did not exhaust this grievance because his pursuit

of appeals on the grievance continued after he filed this lawsuit. Typically, this would be grounds for dismissing a claim for a failure to exhaust.

Decisions made in minor misconduct hearings are not grieveable. (*See* ECF No. 44-1 at PageID.221.) Allegations of retaliation via misconduct tickets are properly raised at misconduct hearings—accordingly, retaliation claims addressed at a hearing cannot be grieved. *See Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011). It follows, then, that a retaliation claim is exhausted at the hearing stage if a prisoner raises the retaliation issue. *Id.* Parker asserts he told the administrative law judge that "Roy promised to set Plaintiff up and file false misconducts against him based on Plaintiff being black and filing grievances and complaints."[1] (ECF No. 1 at PageID.8.) Therefore, Parker's retaliation claim against Roy for the misconduct was presumably exhausted at his hearing, *i.e.*, October 4, 2016. (ECF No. 1-1 at PageID.17.) His subsequent grievance regarding Roy's retaliation, and the subsequent appeal after the filing of this suit, is irrelevant because the claim was already exhausted. Accordingly, the R & R will be rejected as to Parker's retaliation claim against Roy relating to the false misconduct ticket.

Parker's second objection is that his grievance against Mackie "wasn't rejected because it concerned other prisoners as alleged by the Magistrate but because the issue was not isolated but widespread and more than plaintiff was suffering from said problem." (ECF No. 62 at PageID.310.) Parker's grievance alleged that Mackie failed to protect inmates because his officers continued to assault inmates. Parker names three inmates and himself as examples. (ECF No. 41-1 at PageID.211.) Parker's grievance was rejected because it was not specific to him, and applied to the prison population as a whole—*i.e.*, rather than filing a grievance, the proper means of

---

[1] Because Defendants and the R & R only addressed the unexhausted grievance, there is no evidence to rebut Parker's claim that he made this statement at the hearing. Accordingly, the Court accepts it as true for purposes of this Order only.

3

petitioning was "to direct comments to the Warden's Forum." (ECF No. 41-1 at PageID.212.) In accordance with this rejection, the R & R recommended dismissing the claim, noting that as a *pro se* plaintiff, Parker could not represent others on a claim. (ECF No. 57 at PageID.296 (citing 28 U.S.C. § 1654; *Belser v. Woods*, No. 2:16-CV-134, 2016 WL 6975936 at *5 (W.D. Mich. Nov. 29, 2016)).) The Court agrees.

In any event, Warden Mackie's alleged failure to remedy abuses by his staff is not cognizable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." (internal quotation marks and citation omitted)).

Parker's third and final objection is that the magistrate judge applied a "stringent and heightened standard" in evaluating his grievances, and inappropriately "appears to make a credibility determination in who's telling the truth" about whether Parker exhausted his claims. (ECF No. 62 at PageID.310.) The magistrate judge made his determinations based on the actual grievances and the responses to the grievances. The Court finds no basis to disagree with the magistrate judge's conclusions in the R & R. The Court finds no basis to say that the magistrate judge applied the wrong standard or inappropriately dealt with credibility issues.

On the day the R & R was filed, Parker filed a motion he called a "motion for a bench trial pursuant to *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015), to resolve the disputed issues of fact regarding exhaustion." (ECF No. 59.) *Lee* does not guarantee a bench trial. As discussed, there are no credibility issues present, and the matter is rightly decided on a motion for summary judgment. Accordingly, this motion will be denied.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 57) is **REJECTED IN PART** as to Parker's retaliation claim against Roy and **APPROVED AND ADOPTED IN PART** as to the remaining claims. Plaintiff's objections (ECF No. 62) are **sustained in part** as to Parker's retaliation claim against Roy and **overruled in part** as to his remaining objections.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 45) is **DENIED**, and Defendants' motion for partial summary judgment (ECF No. 32) is **DENIED IN PART** as to the retaliation claim against Roy and **GRANTED IN PART** as to all other claims against Roy and the claims against Mackie.

**IT IS FURTHER ORDERED** that Plaintiff's claims for injunctive relief are **DISMISSED**, Plaintiff's claims against Defendants in their official capacities are **DISMISSED**, and Plaintiff's due process claims for the misconduct tickets are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a bench trial (ECF No. 59) is **DENIED**.

Dated: April 2, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE