UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

        Plaintiff,

v.

MITCH GAINER, *et al.*,

        Defendants.
                           /

Case No. 1:16-cv-1302

Hon. Ray Kent

**ORDER**

      This is a lawsuit brought by plaintiff Bruce Parker ("Parker"), a prisoner in the custody of the Michigan Department of Corrections, pursuant to 42 U.S.C. § 1983. After a jury trial, the Court entered a judgment: in favor of plaintiff Parker and against defendant Mitch Gainer in the amount of $2.00 in nominal damages and $90,000.00 in punitive damages; in favor of defendant Arnold Mattis and against plaintiff Parker; and in favor of defendant Patrick Roy and against plaintiff Parker. Judgment (ECF No. 220). This matter is now before the Court on Parker's application for fees ($89,996.02) and costs ($5,387.11) (ECF No. 224).[1]

      Parker brings this motion pursuant to 42 U.S.C. 1988, which provides in pertinent part that "[i]n any action or proceeding to enforce a provision of section[ ] 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a

---

[1] The Court notes that Magistrate Judge Phillip J. Green presided over the trial. Judge Green later recused himself and this matter was transferred to the undersigned.

1

reasonable attorney's fee as part of the costs. . . . " 42 U.S.C. § 1988(b). It is uncontested that Parker is a prevailing party pursuant to § 1988. Defendants do not contest the time charged by Parker's counsel (391.90 hours), the requested hourly rate, or the requested costs. It appears that the purpose of defendant's motion is to ensure that Parker's requested attorney fees comply with the rules applicable to prisoner civil rights cases.

The Prison Litigation Reform Act ("PLRA") places limits on the award of attorney fees in prisoner civil rights cases. The relevant statute, 42 U.S.C. § 1997e, provides in pertinent part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
>
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>>
>> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d)(1)-(3) (footnote omitted).

Parker's request for the attorney's fees complies with the requirements of 42 U.S.C. § 1997e. First, the fees were directly and reasonably incurred. *See* § 1997e(d)(1)(A). Second, the amount of the fees is proportionately related to the court ordered relief for the violation. *See* § 1997e(d)(1)(B)(i). Third, the requested fees of $89,996.02 falls below the amount of the judgment ($90,002.00) and are subject to partial payment by Parker. *See* §1997e(d)(2) (discussed in more detail below). Fourth, Parker's attorneys properly applied the maximum applicable hourly rate to work performed on this case in 2019 ($222.00), 2020 ($228.00), and 2021 ($232.50). *See* Application at PageID.1229; § 1997e(d)(3). Based on this record, the Court finds the requested fees reasonable.

As discussed, 42 U.S.C. § 1997e(d)(2) provides that a portion of Parker's judgment, not to exceed 25%, shall be applied to satisfy the amount of his attorney's fees awarded against defendant. The Supreme Court has clarified that, "[i]n cases governed by § 1997e(d), we hold that district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." *Murphy v. Smith*, -- U.S. --, 138 S. Ct. 784, 790 (2018). In this case, 25% of Parker's judgment, $22,500.50, must be applied to his attorney's fees. Accordingly,

**IT IS ORDERED** that Parker's application for attorney's fees in the amount of **$89,996.02** and costs in the amount of **$5,387.11** (ECF No. 224) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(d)(2), Parker shall pay **$22,500.50** of his attorney's fees from the judgment, and defendant shall pay the balance of the fees.

Dated:  March 24, 2022  /s/ Ray Kent
United States Magistrate Judge

3